# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 13-30306
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

RODGER WILL GRANGER, SR.,

Plaintiff-Appellant

v.

TANGIPAHOA PARISH JAIL, Medical Staff; MALINDA BALADO; DEBRALEE POPULIS,

Defendants-Appellees

———————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2276

———————

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Rodger Will Granger, Sr., Louisiana prisoner # 406449, appeals the district court's dismissal on summary judgment of his 42 U.S.C. § 1983 complaint in which he alleged that his constitutional rights were violated by the defendants' deliberate indifference to his serious medical needs during his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pretrial detention at the Tangipahoa Parish Jail (TPJ).  He also moves for the appointment of counsel and for the production of documents.

In his appellate brief, Granger challenges several facts, asserting that he did not have medications with him when he was admitted to the TPJ, that his mother did not bring him medication, and that he was never treated outside the TPJ.  He also asserts that the defendants administered medications to him without performing proper tests.  He does not argue, however, as he did in the district court, that he was denied specific requests for medical treatment nor does he brief that issue.  Accordingly, he has abandoned that claim.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Granger has not alleged or set forth any facts to show that the defendants were deliberately indifferent to his medical needs.  The record reflects that he was examined, treated, and administered medication on a regular basis during his detention at the TPJ.  His unsubstantiated assertions to the contrary do not create a genuine dispute as to a material fact regarding whether the defendants were deliberately indifferent to his medical needs.  *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The fact that he may be disappointed with the treatment he received or that he received unsuccessful treatment is insufficient to establish a constitutional violation.  *See Hare*, 74 F.3d at 643; *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

We do not consider Granger's claims, which he raises for the first time, that he suffered a "mild stroke" when someone else's medications were administered to him and that a nurse gave him the wrong medication "in retaliation for his rejection of her sexual advances."  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

No. 13-30306

Accordingly, the district court's judgment is AFFIRMED. Granger's motions for the appointment of counsel and the production of documents are DENIED.